UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CASE NO. 25-CR-492 (AJB)
**DEFENDANT'S TRIAL BRIEF**

MARVIN AGUILAR GARCIA,
Defendant.

---

## I. STATEMENT OF THE CASE

The indictment charges the defendant with assaulting a federal officer in violation of 18 U.S.C. §111(a)(1) and (b). Jury selection is scheduled to commence at the discretion of United States District Court Judge Anthony Brindisi on February 17, 2026, in Utica, New York. Defendant Marvin Aguilar Garcia is detained pending trial. A jury trial has not been waived, and the estimated duration of trial is approximately 2-3 days. The government is represented by Ben Gillis, Assistant United States Attorney and Michael Whalen, Assistant United States Attorney. The defendant is represented by Gabrielle DiBella, Assistant Federal Public Defender and Randi Bianco, Assistant Federal Public Defender.

## II. ANTICIPATED ISSUES AT TRIAL

### a. Jury selection

The defendant anticipates that a large portion of jurors will have strongly held opinions about immigration and immigrants in general, and requests this Court allow leeway in voir dire to fully probe jurors' opinions on these issues. A criminal defendant is entitled to a trial "by an impartial jury." U.S. Const. amend. VI. Jury selection is the "primary means" of protecting that right and of insuring that the jury is free from prejudice and/or predisposition about the defendant's culpability. *Gomez v. United States*, 490 U.S. 858, 873 (1989). The Second Circuit has recognized

three categories of bias that constitute grounds for a challenge for cause: actual bias, presumed bias, and inferable bias. *United States v. Torres*, 128 F.3d 38, 43 (2d Cir. 1997). In each category, the dispositive question is whether the bias involved "would prevent or substantially impair the performance of [the prospective juror's] duties as a juror in accordance with his instructions and his oath." *Adams v. Texas*, 448 U.S. 38, 45 (1980).

Actual bias, or bias in fact, "is based on express proof, e.g., by a *voir dire* admission by the prospective juror of a state of mind prejudicial to a party's interest." *United States v. Haynes*, 398 F.2d 980, 984 (2d Cir. 1968). The defense must be allowed to probe potential jurors' opinions about immigration and immigrants that no juror is seated who has a predisposition about Ms. Aleman Bonilla's culpability in this case.

Inferable bias exists where there is no actual or presumed bias but "when a juror discloses a fact that bespeaks a risk of partiality sufficiently significant to warrant granting the trial judge discretion to excuse the juror for cause." *Torres*, 128 F.3d at 47. A judge's dismissal for inferred bias is discretionary rather than mandatory and must be based on facts developed in the *voir dire*. *Id.* at 47-48. Accordingly, the defense must be allowed leeway during *voir dire* to explore potential jurors' opinions about immigration and immigrants. If such leeway is not granted, there will not be a sufficient development of facts on which to base a ruling regarding the potential jurors' fitness to serve.

**b. The Government's theory**

The Government has alleged from the inception of this case that Marvin threw a book at BPA Trevor Baize. This specific allegation appears in the complaint, sworn to by HSI special agent Johnathan Adamowich, and it appears in the indictment, which reads as follows:

> On or about December 15, 2025, in Lewis County in the Northern District of New York, the defendant, **MARVIN WOTSBELI AGUILAR-GARCIA,** knowingly and intentionally did forcibly assault, resist, oppose, impede, and interfere with any person designated in 18 U.S.C. §1114, that is a Border Patrol Agent, while the agent was engaged in official duties, and inflicted bodily injury, in that **AGUILAR-GARCIA** thew a book at the agent during a traffic stop, striking the agent near the eye and causing injury, in violation of Title 18, United States Code, Section 111(a)(1) & (b).

On February 2, 2026, the Government advised defense counsel that their position at trial is now that the "book" allegation appearing in the indictment is "not something that needs to be submitted to the jury" and that "any difference between the 'book' allegation in the indictment and proof at trial that it was some other object or an unknown object would be at most a non-prejudicial variance."

Later in the day on February 2, 2026, the circumstances prompting the Government's new theory became apparent. The Government has since disclosed to defense counsel that on January 29, 2026, a proposed superseding indictment was presented to the same federal Grand Jury that considered and issued the original indictment. The Government further disclosed that the proposed superseding indictment was identical to the original indictment, except that it alleged that the defendant threw an *objec*t at the agent, instead of that he threw a book at the agent. After hearing evidence and deliberating, the Grand Jury issued a no true bill. The Government is now stuck with the original indictment which specifically alleges a book was thrown, but intends to proceed on the theory contemplated by the superseding indictment, a theory which a Grand Jury rejected. The Government believes they are not required to prove to the trial jury that Marvin threw a book when the Grand Jury indicted on "book" but refused to indict on "object."

The fact that the proof at trial will be different than what was alleged in the indictment is a problem that the Government must contend with. The Government cannot sidestep a specific allegation and a Grand Jury refusal to indict on a different allegation by simply ignoring the initial

allegation. The Government specifically alleged that Marvin threw a book. A witness necessarily must have testified in front of the Grand Jury that there was a book. The Government is now stuck with that allegation since the Grand Jury refused to indict on an allegation that Marvin instead threw an "object." The Government cannot cure its proof problem by completely ignoring the manner and means of assault alleged in the initial indictment that it is now stuck with.

**c. Other evidentiary issues**

There are other evidentiary issues in this case that are being addressed by motions *in limine*. The Government has filed a motion *in limine* related to alleged prior bad acts of the defendant and other bad acts committed by immigration officials. The defendant's response is due February 6, 2026. The defense has filed motions *in limine* related to shackling of the defendant during trial, inadmissible photographic evidence from a staged recreation of events, an inadmissible statement allegedly made by the defendant, and a mischaracterization of the defendant's immigration status. The Government's response is due February 6, 2026.

DATED: February 2, 2026

ERIC SCHILLINGER
FEDERAL PUBLIC DEFENDER

By: /s/ Gabrielle DiBella
Gabrielle DiBella
Assistant Federal Public Defender
Bar Roll No. 700576
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

cc: Ben Gillis, AUSA (by ECF)
Michael Whalen, AUSA (by ECF)
Marvin Aguilar Garcia (by mail)