IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:25-CR-492 (AJB) |
| | ) | |
| **v.** | ) | |
| | ) | **Filed Under Seal** |
| **MARVIN WOTSBELI** | ) | |
| **AGUILAR-GARCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S SECOND MOTION IN LIMINE

The United States of America hereby moves *in limine* for an order precluding the Defendant from introducing evidence or making argument relating to a grand jury "no true bill" related to a proposed superseding indictment, returned on January 29, 2026.

### 1. Background

On January 29, 2026, a proposed superseding indictment was presented to the same grand jury that considered and returned the original indictment in this case. *See* Dkt. 10. The proposed superseding indictment was identical to the original indictment except that it alleged the Defendant "threw an object at the agent during a traffic stop" rather than "thew [*sic*] a book at the agent during a traffic stop." After hearing evidence and deliberating, the requisite number of grand jurors—at least 12—did not concur in the proposed superseding indictment. The fact of the "no true bill" was promptly reported to the Court. On January 30, 2026, the government sought leave of the Court to disclose the "no true bill" to the Defendant. On February 2, 2026, the government received that approval and promptly made the disclosure.

**2. Analysis**

The government anticipates the Defendant will seek to introduce evidence or present argument revealing the fact of the "no true bill" to the jury. Such evidence or argument is inadmissible because it is hearsay, irrelevant, and improper opinion evidence.

Courts have consistently held that evidence of prior decisions of deliberative bodies, such as grand jury "no true bills" and jury acquittals, is inadmissible. In *United States v. Hermundson*, the government was permitted to introduce evidence of an alleged rape related to the defendant's instant charge of kidnapping in interstate commerce. *Hermundson*, 210 F.3d 386 (Table), 2000 WL 32063, at *1 (9th Cir. Jan. 14, 2000) (unpublished). The defendant attempted to admit evidence that a county grand jury had returned a "no true bill" finding on the rape. *Id.* at *2. The district judge refused to admit the evidence, and the Ninth Circuit upheld the decision, stating that such evidence constituted "improper opinion evidence, similar to evidence of a decision not to prosecute" or an acquittal. *Id.*; *see also United States v. Bonner*, No. 3:07-CR-296-D, 2008 WL 149970, at *1 (N.D. Tex. Jan. 14, 2008) (granting government's motion in limine regarding existence of county grand jury "no-bill" related to federal charged conduct).

The Ninth Circuit's analogy between a "no true bill" and an acquittal is apt. In *United States v. Viserto*, the defendant, charged with conspiracy to distribute narcotics, sought to introduce evidence that he had been acquitted of income-tax evasion. *Viserto*, 596 F.2d 531, 536-37 (2d Cir. 1979). The defendant asserted the acquittals tended to rebut the government's argument that he possessed large amounts of cash constituting proceeds of illegal activities. *Id.* The Second Circuit held that an acquittal is only relevant to the legal question of whether prosecution is barred by double jeopardy or collateral estoppel. *Id.* at 537. "[O]nce it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually

admissible to rebut inferences that may be drawn from the evidence that was admitted." *Id.* The two primary reasons to exclude acquittals are "(1) they are hearsay and (2) they generally are not relevant because they simply show that the government failed to prove guilt beyond a reasonable doubt." *United States v. Thomas*, 114 F.3d 228, 250 (D.C. Cir. 1997). A "no true bill" is similarly hearsay and irrelevant.

A "no true bill" constitutes hearsay, as it is a statement of a grand jury and would be offered in evidence to prove the truth of the matter asserted, i.e., that an insufficient number of grand jurors believed the government had established probable cause. *See* Fed. R. Evid. 403(c). In the context of jury findings, only judgments of conviction are excepted from the operation of the hearsay rule. *See* Fed. R. Evid. 803(22); *Viserto*, 596 F.2d at 537 ("[A] judgment of acquittal is hearsay"); *United States v. Amato*, No. 03-CR-1382 (NGG), 2006 WL 1495497, at *3 (E.D.N.Y. May 26, 2006) (unpublished) (same finding). As such, the fact of a "no true bill" is inadmissible.

A "no true bill" is also irrelevant. Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). But in the context of a prior negative jury finding, such evidence "is not relevant because it does not prove innocence but rather merely indicates that the prior proceeding failed to meet its burden[.]" *United States v. Gambino*, 818 F. Supp. 536, 539 (E.D.N.Y. 1993) (quoting *United States v. Kerley*, 643 F.2d 299 (5th Cir. 1981)) (finding evidence of prior acquittal irrelevant and inadmissible); *United States v. Ashburn*, No. 11-CR-0303 (NGG), 2015 WL 729818, at *2 (E.D.N.Y. Feb. 19, 2015) (unpublished) (same finding).

Finally, a "no true bill" is improper opinion evidence. *See* Fed. R. Evid. 701. The fact that some—but not necessarily all—members of a grand jury did not believe that the government

had presented sufficient evidence to indict is in no way helpful to understanding any trial witness' testimony or to a determination of any fact at issue. *See id.*; *Hermundson*, 2000 WL 32063, at *2 (county grand jury "no true bill" was improper opinion evidence). Another deliberative body's opinion regarding facts at issue during trial has no bearing on the facts themselves or what they tend to prove or not prove about the charged offense. *See United States v. Dames*, No. 04 Cr. 1247 (PAC), 2007 WL 1129323, at *4 (S.D.N.Y. April 12, 2007) (unpublished) ("The fact of dismissal or acquittal of charges does not rebut testimony as to the underlying acts"). The admission of evidence of a "no true bill" will only confuse the jury and encourage it to substitute the prior grand jury's collective decision for its own. *See Amato*, 2006 WL 1495497, at *3 (even if fact of acquittal had any evidentiary value, "the danger it would present for confusion of the issues and misleading the jury substantially outweighs its probative worth" (quoting *Gambino*, 818 F. Supp. at 539)).

**3. Conclusion**

For the foregoing reasons, the Court should rule that evidence and argument relating to the existence of the "no true bill" is inadmissible, because it is hearsay, irrelevant, and improper opinion evidence.

Respectfully submitted on this the 2nd day of February, 2026.

/s/
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

By:

Benjamin A. Gillis, Bar Roll No. 704915
Michael J. Whalen, Bar Roll No. 704276
Assistant United States Attorneys