UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CASE NO.: 25-CR-492 (AJB)
**FILED UNDER SEAL**

MARVIN AGUILAR GARCIA

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING THE GRAND JURY NO TRUE BILL**

DATED: February 6, 2026
Syracuse, New York

ERIC SCHILLINGER
Federal Public Defender

By: /s/Gabrielle DiBella
Gabrielle DiBella
Assistant Federal Public Defender
Bar Roll No. 700576
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

## 1. Background

On December 18, 2025, Marvin Aguilar Garcia was indicted by a Grand Jury for the Northern District of New York on one count of assaulting a federal officer in violation of 18 U.S.C. §111(a)(1) and (b). The indictment reads as follows:

> On or about December 15, 2025, in Lewis County in the Northern District of New York, the defendant, **MARVIN WOTSBELI AGUILAR-GARCIA**, knowingly and intentionally did forcibly assault, resist, oppose, impede, and interfere with any person designated in 18 U.S.C. §1114, that is a Border Patrol Agent, while the agent was engaged in official duties, and inflicted bodily injury, in that **AGUILAR-GARCIA** threw a book at the agent during a traffic stop, striking the agent near the eye and causing injury, in violation of Title 18, United States Code, Section 111(a)(1) & (b).

On January 29, 2026, the Government tried, and failed, to obtain a superseding indictment which would have alleged that Marvin threw "an object" instead of "a book." The Government sought to obtain this superseding indictment from the *same* Grand Jury who had considered the original indictment. [redacted] The same Grand Jury that indicted Marvin for throwing "a book" a month and a half earlier then refused to indict him for throwing "an object." The same Government that now seeks to convict Marvin on the rejected "object" theory,[3] now *also* asks this Court to preclude

---

[redacted]

[3] *See* Government's Trial Brief, Dkt. No. 38, p. 7-10.

Marvin from introducing evidence or presenting argument that the Grand Jury returned a "no true bill" on this theory.

**2. Analysis**

**a. The Government's cases are distinguishable**

In their motion *in limine*, the Government cites to several cases for their proposition that evidence of the "no true bill" is inadmissible. First, the Government cites to an unpublished 9th Circuit case which has facts wholly different from the facts in this case. In *Hermundson*, the Government sought to present evidence at trial of a rape under Federal Rule of Evidence 404(b).[4] Hermundson was charged federally with kidnapping in interstate commerce and crossing a state line with intent to engage in conduct that violates a protective order. The Government sought to admit evidence that Hermundson had assaulted and raped a female victim twenty days before the kidnapping, under the theory that it was related to the state of mind of the victim.[5] In turn, Hermundson sought to introduce evidence that a county grand jury had returned a "no true bill" on the rape. The Court excluded that evidence as improper opinion evidence, finding it similar to evidence of a decision not to prosecute.[6] The facts in *Hermundson* are distinguishable from the facts in the instant offense for several key reasons. First, in *Hermundson*, a county grand jury returned the no true bill. Here, the *exact same* federal grand jury returned the no true bill. Second, in *Hermundson*, the no true bill evidence would have disputed an offense that was alleged to have occurred twenty days before the offense he was on trial for. Here, the no true bill decision disputes the *entire instant offense* under the Government's new theory.

---

[4] *United States v. Hermundson*, 2000 WL 32063 at *1 (9th Cir. 2000)(unpublished).
[5] *Hermundson*, 2000 WL at *1.
[6] Id. at *2.

The Government further cites to a district court decision from the Northern District of Texas, *United States v. Bonner*.[7] In *Bonner*, similar to *Hermundson*, a state court grand jury had returned a no true bill. The defendant in *Bonner* faced federal charges for the same conduct that the state court grand jury had refused to indict him for. Here, the same federal Grand Jury refused to indict Marvin on the Government's new theory. The exact same group of ordinary citizens who heard testimony and saw evidence determined the evidence was insufficient to proceed with an indictment. This is a key difference between *Bonner* and the instant case. Further, in *Bonner*, the Court didn't entirely preclude Bonner from introducing this evidence, instead the Court ruled that Bonner could not introduce this evidence without first obtaining a ruling of the court on its admissibility.[8] Because *Hermundson* and *Bonner* are factually distinguishable from the case at hand, the Government's reliance on them is misplaced.

**b. A no true bill is not like an acquittal**

The Government likens the "no true bill" in this case to an acquittal. Both are outcomes unfavorable to the Government, but the similarities end there. Under the Double Jeopardy Clause, after an acquittal, a person cannot be tried for the same offense.[9] If a no true bill actually functioned similarly to an acquittal, the Government would be prohibited entirely from prosecuting Marvin under their new "object" theory. Since the Government has told this Court that it intends to continue to prosecute Marvin under that theory, the no true bill here is in no way functioning similarly to an acquittal. Nor does the Government acknowledge that it is a roadblock at all to their prosecution of Marvin on the instant offense.

---

[7] *United States v. Bonner*, No. 3:07-CR-296-D, 2008 WL 149970 (N.D. Tex. Jan. 14, 2008).
[8] *Bonner*, 2008 WL 149970 at *1 ("Accordingly, before Bonner may refer to this information in the jury's presence, including through the introduction of evidence, the posing of questions to the jury panel or to a witness, or the presentation of argument, he must first obtain, outside the jury's hearing or presence, a ruling of the court on its admissibility.).
[9] U.S. CONS. Amend V.

The Government attempts to analogize a case which discusses why an acquittal on other conduct is not admissible. Like all of the other cases the Government cites for support in its underlying motion *in limine*, the *Viserto* case is dissimilar from the case at hand. The defendant in that case sought to introduce evidence in his conspiracy to distribute narcotics trial that he had been acquitted of income-tax evasion.[10] It is easy to see how those facts have no similarity to the facts of this case. The defendant in *Viserto* sought to introduce evidence that he had been acquitted of a *completely different* crime, which did not involve the same conduct as the offense for which he was on trial. In this case, the no true bill directly relates to the conduct at issue during the trial. The Government can't have it both ways, the no true bill can't be so similar to an acquittal that Marvin can't introduce evidence about it at trial, but not so similar to an acquittal that the Government can still proceed on the rejected theory at trial.

**c. Evidence of a no true bill is relevant**

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.[11] A Grand Jury in the Northern District of New York heard evidence from the Government on their theory that Marvin threw "an object" and determined that the Government did not have sufficient evidence to proceed with an indictment. This is why they returned a no true bill. The no true bill absolutely makes it less probable that Marvin threw an object. A group of people who heard *only* from the Government, with witnesses not subject to cross-examination, *still* didn't believe the Government had sufficient proof. [redacted] The fact that the

[10] *United States v. Viserto*, 596 F.2d 531 (2d Cir. 1979).
[11] F.R.E. 401(a).
[redacted]

Grand Jury was unwilling to indict on the broader "object" theory (which would have encompassed the book theory), is telling.

An argument can be made that the Grand Jury, in returning the no true bill, no longer believed *anything* was thrown by Marvin. [redacted] it's entirely likely the Grand Jury, [redacted] rejected the Government's version of events altogether. It's not hard to imagine why this would be relevant at the trial.

**d. Evidence of a no true bill is not hearsay**

The Government argues that evidence of a return of a no true bill is hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement.[14] Evidence of a no true bill is not hearsay because it is not offered to prove the truth of the matter asserted. [redacted]

---

[redacted]

[14] F.R.E. 801(c).

[redacted]

[redacted] Because evidence of a no true bill is not offered to prove the truth of the matter asserted it is not hearsay.

Additionally, since the Grand Jury refused to indict on a broader theory that an "object" was thrown at BPA Baize, which invalidated the specific theory of the original indictment, the original indictment should be dismissed.

**e. Evidence of a no true bill is not improper opinion evidence**

The Government asserts that a no true bill is improper opinion evidence under Federal Rule of Evidence 701. Federal Rule of Evidence 701 provides that if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Black's Law Dictionary defines "opinion" as a "person's thought, belief, or inference, esp. a witness's view about facts in dispute, as opposed to personal knowledge of the facts themselves." The return of a no true bill is not opinion evidence at all, much less improper opinion evidence. The return of a no true bill is a fact. It happened. As much as the Government seeks to hide it, they tried and failed to obtain a superseding indictment. The fact that a no true bill was returned in no way constitutes an opinion.

Even it were an opinion, it still fits the criteria of permissible opinion evidence under F.R.E. 701. A witness who knows the Grand Jury returned a no true bill is rationally based on their perception that it is an event that happened. It is also helpful to clearly understanding the

---

[redacted]

witness's testimony or to determining a fact in issue. A fact the Government intends to put at issue is whether Marvin threw an object at BPA Baize. The return of the no true bill is helpful to determining that fact. A Grand Jury who heard only the evidence that was favorable to the Government, and never heard any cross-examination of the agent, or any evidence presented by the defendant, refused to indict Marvin under the Government's theory. The fact that the Grand Jury did not find the Government's evidence credible helps the trial jury to determine that the Government still does not have sufficient, credible proof to prove that Marvin threw an object at BPA Baize. Further, testimony that the Grand Jury returned a no true bill is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Because the fact of a return of a no true bill is not opinion evidence, and even if it were, it is permissible under F.R.E. 701, Marvin should be allowed to introduce evidence of it or argument about it. For the foregoing reasons the Government's motion in limine should be denied.

DATED: February 6, 2026
Syracuse, New York

ERIC SCHILLINGER
Federal Public Defender

By: _/s/Gabrielle DiBella_
Gabrielle DiBella
Assistant Federal Public Defender
Bar Roll No. 700576
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080