OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE NORTHERN DISTRICT OF NEW YORK

Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Albany Office

54 State St.
3RD FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

February 5, 2026

Hon. Anthony J. Brindisi
United States District Judge
10 Broad Street
Utica, NY 13501

**RE: United States v. Marvin Aguilar Garcia**
**Case No.: 25-CR-492 (AJB)**

Dear Judge Brindisi:

As the Court is aware, on December 18, 2025, a Grand Jury for the Northern District of New York returned an indictment that alleges the following:

> On or about December 15, 2025, in Lewis County in the Northern District of New York, the defendant, **MARVIN WOTSBELI AGUILAR-GARCIA**, knowingly and intentionally did forcibly assault, resist, oppose, impede, and interfere with any person designated in 18 U.S.C. §1114, that is a Border Patrol Agent, while the agent was engaged in official duties, and inflicted bodily injury, in that **AGUILAR-GARCIA** threw a book at the agent during a traffic stop, striking the agent near the eye and causing injury, in violation of Title 18, United States Code, Section 111(a)(1) & (b).

Notably, if convicted, Marvin faces an enhanced penalty under 18 U.S.C. §111(b) because the indictment alleges the infliction of bodily injury. According to the indictment, this occurred when Marvin threw "a book at the agent" that struck BPA Baize in the eye and caused injury. The specificity of "book" is necessarily intertwined with the alleged injury. The government has since learned it cannot prove beyond a reasonable doubt that "a book," as alleged in the

indictment, was used by Marvin to assault the agent causing the alleged injury. [redacted][1] It has been the rule since 1887 that after an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself.[2] When an indictment is amended outside of the grand jury process, it constitutes a *per se* violation of the Fifth Amendment right to be indicted by a grand jury.[3]

The government, through their trial brief, now argues that they no longer have to prove that Marvin threw a book at BPA Baize. The government acknowledges that the proof at trial may not "conclusively establish the nature of the object" that they allege Marvin threw. Their proposed resolution to their admitted proof problem is that they intend to go forward at trial under the theory that Marvin threw "an object" at BPA Baize, and to ask this Court not to instruct the jury that in order to convict they must find that Marvin threw a book. Regarding the significant proof problems that exist in this case, the government is correct. Regarding the government's position that a jury can find Marvin guilty even if they find he threw something other than "a book," at BPA Baize, the government is incorrect.

The Grand Jury Clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on the presentment or indictment of a Grand Jury."[4] An indictment must fairly inform the defendant of the charge against which he

[1] *See United States v. Mucciante,* 21 F.3d 1228, 1233 (2d Cir. 1994).
[2] *Ex parte Bain*, 121 U.S. 1 (1887).
[3] *See United States v. Ford,* 435 F.3d 204, 215-16 (2d Cir. 2006) (reversal required even without a showing of prejudice to the defendant).
[4] U.S. CONST. amend. V. cl. 1.

must defend in order to satisfy the Fifth Amendment.[5] The Grand Jury is a critical component of checks and balances in this country. It is a safeguard against arbitrary prosecution because it requires a group of ordinary people to consider evidence presented by the government before deciding whether to issue an indictment and subject an individual to serious criminal charges. This ensures that these charges are not brought without the considered judgment of a group of ordinary people and prevents politically motivated accusations. The Grand Jury serves an important role in evaluating the sufficiency of evidence, and by acting as an initial filter in the bringing of felony criminal proceedings, which in turn promotes accountability and maintains the integrity of the justice system. Here, the Grand Jury considered the government's theory that Marvin threw "a book" and returned the instant indictment. [redacted].[6]

**The government's new theory and jury charge request is a constructive amendment to the indictment**

Although the government asks this Court not to instruct the jury that they must find that Marvin threw "a book" at BPA Baize to find him guilty, that is in fact what the indictment *specifically* alleges. The government's request impermissibly broadens the possible basis for conviction outside of what is alleged in the indictment and substantially prejudices Marvin for a multitude of reasons. In *Ex Parte Bain*, the Court ordered that specific and relevant allegations in the indictment be stricken, which would allow Bain to be convicted without proof of those allegations.[7] In holding that this could not be done, the Supreme Court held that "[i]f it lies within the province of a court to change the charging part of an indictment to suit its own notions

---

[5] *United States v. Bastian,* 770 F.3d 212, 217 (2d Cir. 2014).

[6] *Cf. United States v. Salmonese,* 352 F.3d 608, 620 (2d Cir. 2003) (no constructive amendment when "a generally framed indictment encompasses the specific legal theory or evidence used at trial.").

[7] *Ex parte Bain*, 121 U.S. 1. (1887).

of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed."[8] It is well-established law in this country that a Court cannot permit a defendant to be tried on charges that are not made in the indictment against him.[9] The government now asks this Court to do exactly that [redacted]

When the proof at trial differs from the facts alleged in the indictment, there are three types of variations- an amendment, a variance, and constructive amendment. All raise constitutional concerns. An amendment arises "when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them."[10] A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment.[11] A constructive amendment occurs when the proof at trial or the court's jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment."[12] As noted above, a constructive amendment broadens the possible basis for conviction beyond that contained in the indictment and is a *per se* violation of the Grand Jury Clause of the Fifth Amendment.[13]

---

[8] *Id.* at 10.
[9] *Id., see also United States v. Norris,* 281 U.S. 619, 622 (1930).
[10] *United States v. Pelose*, 538 F.2d 41, 45, n.8 (2d Cir. 1976) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)).
[11] *Dunn v. United States*, 442 U.S. 100 (1979).
[12] *Salmonese,* 352 F.3d at 620 (quoting *United States v. Frank*, 156 F.3d 332, 337 (2d Cir. 1998)).
[13] *United States v. McCourty*, 562 F.3d 458, 470 (2 Cir. 2009).

Two essential elements would be altered if the government's request is granted: (1) the element of assault and (2) causation of bodily injury. The government specifically alleges in the indictment that the assault occurred when Marvin threw a book at BPA Baize. The indictment also alleges that these actions resulted in bodily injury. The bodily injury element subjects Marvin to an enhanced penalty of a maximum of twenty years in prison under 18 U.S.C. §111(b). The indictment specifies the defendant engaged in an action- throwing a book and alleges that *that* action caused injury. If a juror believes the assault happened at all with some unknown object, whether the unknown object could have caused injury as alleged in the indictment is a factual issue that goes directly to an element of the offense.[14] The issue is not whether BPA Baize sustained a bodily injury, but whether the *defendant's actions* inflicted the bodily injury. The defendant's alleged actions are necessarily entangled in this element, because the actions must have caused the bodily injury. Throwing a book could potentially cause bodily injury. Throwing a blade of grass cannot. The government has already specified an action by indicting Marvin for throwing a book. By asking this Court to allow a jury to convict Marvin on a broader theory of throwing an "object" it changes both the manner of the assault (the assault element) and the potential causation of injury (the bodily injury element), which broadens the basis for a conviction.

The Supreme Court and the Second Circuit have repeatedly held that it is impermissible for the government to broaden the basis for a conviction outside of what is alleged in the indictment, without further action by the Grand Jury.[15] The basic protection the Grand Jury was

---

14 [redacted]

15 *See, e.g., Stirone v. United States*, 361 U.S. 212 (1960) (reversal required where indictment constructively amended when it charged interference with interstate commerce consisting of transportation of sand into one state while evidence showed, and jury was instructed on, transportation of steel from that state to other states); *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (constructive amendment where indictment charged defendant with misbranding drugs due to repackaging, but government proved that "drugs were misbranded because they were not

designed to afford is defeated by any method which subjects a defendant to prosecution for something which the Grand Jury did not charge. The Grand Jury did not charge Marvin with throwing an object. They charged him with throwing a book. To allow the government to prosecute and potentially convict Marvin on the theory that he threw an unknown object is to allow Marvin to face potential conviction on a charge that the Grand Jury never made against him, in direct violation of his rights under the Fifth Amendment.[16]

**Even if the proof and jury instructions constituted a variance it would substantially prejudice Marvin**

The government claims that the "book" allegation is extraneous to the core of the criminality alleged in the indictment, and that if the jury found that some other object was thrown that injured BPA Baize, "such a verdict would at most constitute an immaterial variance."[17] The government is incorrect. An impermissible variance occurs when the evidence introduced at trial "broadens the basis of conviction beyond that charged in the indictment."[18] As already outlined, the basis of conviction is enormously broadened under the government's request that the jury be allowed to convict Marvin without a specific finding that he threw a book. Even if the variation in proof is a variance and not a constructive amendment, the variance substantially prejudices Marvin. Such a variance will destroy Marvin's substantial right to be tried only on charges presented in an indictment returned by a Grand Jury. Deprivation of such a

---

sterile"); *United States v. Wozniak,* 126 F.3d 105, 111 (2d Cir. 1997) (constructive amendment when indictment charged narcotics crime involving possession with intent to distribute cocaine and methamphetamines, but proof involved only use of cocaine and possession with intent to distribute marijuana, not methamphetamines, in a manner that may have "surprised the defense"); *United States v. Zingaro*, 858 F. 2d 94 (1988).

[16] [redacted]

[17] Government's Trial Brief, Dkt. No. 38, page 8.

[18] *United States v. Mollica*, 849 F.2d 723, 728-29 (2d Cir. 1988); *United States v. Lisyansky,* 806 F.3d 706, 712 (2d Cir. 2015) (A constructive amendment arises when the government's proof and the trial court's jury instructions "so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.").

basic right is "far too serious to be treated as nothing more than a variance and then dismissed as harmless error."[19] Practically speaking, the substantial prejudice Marvin faces if the government is allowed to proceed in this manner, is that he has no notice of what to defend against, and no remedy to obtain such notice.[20] The indictment charges "a book." Allowing jurors to convict Marvin based on some other object that was both thrown by Marvin *and* caused bodily injury does not give Marvin adequate notice of the charges and impinges on his constitutional right to present a defense. Marvin cannot present a defense against an unknown object. Whether the object existed at all, whether it was present at the scene, whether it was physically possible to throw, whether it was capable of causing bodily injury, whether some other force was responsible for the movement of the object- these are all questions that arise that Marvin would have no ability to defend against. In addition, defense counsel cannot even request a bill of particulars to specify the object because the indictment *already* specifies a book.

Marvin has Fifth and Sixth Amendment rights to notice of the nature and cause of the accusation, and the Grand Jury accused him of throwing "a book." [redacted] Marvin has no remedy to seek specific information about the manner and means of assault because the Grand Jury has already specified a manner and means of assault. Further, Marvin faces an enhanced penalty provision under 18 U.S.C. §111(b) due to the allegation that his actions caused bodily injury. If no object is identified to have been thrown, Marvin cannot defend against this element by introducing evidence that the object could not have caused the bodily injury complained of. The government's request thus

---

[19] *Stirone v. United States*, 361 U.S. 212, 217 (1960).
[20] *See United States v. Paino,* 962 F.2d 263, 266 (2d Cir. 1992) ("[S]ignificant flexibility in proof [is allowed], provided that the defendant was given notice of the 'core of criminality' to be proven at trial.").

subjects Marvin to an enhanced penalty of up to twenty years in prison without providing Marvin notice of the specific allegations, and by depriving Marvin of his constitutional right to present a defense. For all the reasons stated, the government's request must be denied.

Respectfully submitted,

Gabrielle DiBella
Asst. Federal Public Defender