OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE NORTHERN DISTRICT OF NEW YORK

Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Albany Office

54 State St.
3RD FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

February 12, 2026

Hon. Anthony Brindisi
United States District Judge
10 Broad St.
Utica, NY 13501

**RE: United States v. Marvin Aguilar Garcia**
**Case No. 25-CR-492 (AJB)**

Dear Judge Brindisi:

I am writing to respond to an email dated February 11, 2026, from AUSA Gillis which provided additional information about two ongoing issues for trial. The Government's email is attached to this letter as Exhibit A.

## I. Due Process for Bond Revocations

At the final pretrial conference, the Government argued that there is no process due before an arrest in the context of a bond revocation in an immigration case. The Government asserts that a district court within the Second Circuit has held that process is due after arrest, but not before. For this proposition, the Government cites to *O.F.C. v. Almodovar*, a Southern District of New York case.[1] The Court in Almodovar held that the petitioner was not entitled to a pre-arrest hearing, but that *some process was still required statutorily prior to the arrest*. This process comes in the form of "some level of individualized determination." This pre-arrest process is exactly what is missing from the arrest of Mr. Aguilar Garcia. *No* individualized determination was made prior to his arrest. Instead, according to the Government, some of the agents knew that he had an appeal pending and believed they could still arrest him on the order of removal, and some very incredibly believed the appeal had concluded. Prior to his arrest, no individualized determination took place. The Government has attempted to justify the arrest by saying that there were circumstances that justified a bond revocation, but the process required to happen prior to arrest did not happen in this case. Defense counsel maintains the arrest was unlawful, and the

[1] 2026 WL 74262 (S.D.N.Y. Jan. 9, 2026).

circumstances behind the traffic stop and arrest are relevant, probative, and relate directly to credibility.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

---

[redacted]

[redacted]

Respectfully submitted,

Gabrielle DiBella
Asst. Federal Public Defender