# EXHIBIT A

**From:**     Gillis, Benjamin (USANYN)
**To:**       Zachary Cortese (USC)
**Cc:**       Randi Bianco; Gabrielle DiBella; Whalen, Michael (USANYN)
**Subject:**  Aguilar-Garcia - Responses to Court Requests
**Date:**     Wednesday, February 11, 2026 5:55:07 PM

Zach,

Yesterday during the pretrial conference the Court directed the government to ████████ ██████████████████████████████████████████████████████ and (2) provide the Court with a district court case referenced by the government during argument.

████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████

*District Court Case Relating to Process Due Following § 1226(b) Arrest*

During argument, the government asserted that a district court within the Second Circuit had held that in the context of an 8 USC § 1226(b) arrest, process is due after arrest, but not before. In *O.F.C. v. Almodovar*, a Southern District of New York district court carefully analyzed, in the context of a habeas petition, what process is constitutionally or statutorily due before or after such an arrest.  *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262 (S.D.N.Y. Jan. 9, 2026).  In that case, the petitioner had been pending removal proceedings when an immigration judge granted a bond. *Id*. at *3.  In 2025, he was re-detained by ICE.  *Id*.  The district court held that pursuant to § 1226(b) and accompanying regulations, the petitioner was not entitled to a pre-arrest hearing.  *Id*. at *6-7 (noting "some" process is still required, in the form of "some level of individualized determination").  The district court also held that the Due Process Clause did not mandate a pre-arrest hearing.  *Id*. at *8.  The district court ultimately held that the petitioner was entitled to relief in the form of a post-arrest bond hearing before an immigration judge.  *Id*. at *14-15.

Please let me know if the Court has questions about the above.

Ben


Ben Gillis
Assistant U.S. Attorney
Northern District of New York
100 S. Clinton Street, 9th Floor
Syracuse, NY 13261
Desk: (315) ███████
benjamin.gillis@usdoj.gov