# EXHIBIT A

**From:** Gillis, Benjamin (USANYN)
**To:** Zachary Cortese (USC)
**Cc:** Randi Bianco; Gabrielle DiBella; Whalen, Michael (USANYN)
**Subject:** Aguilar-Garcia - Responses to Court Requests
**Date:** Wednesday, February 11, 2026 5:55:07 PM

Zach,

Yesterday during the pretrial conference the Court directed the government to (1) relay the government's position regarding unsealing of files referencing the "no true bill"; and (2) provide the Court with a district court case referenced by the government during argument.

*Government's Position on Unsealing "No True Bill" Filings*

The government's position is that the fact of the "no true bill" should remain under seal. The "no true bill" is a "matter occurring before the grand jury" as outlined in Fed. R. Crim. P. 6(e)(2)(B) and is therefore entitled to the secrecy and protection outlined in that Rule. *See also United States v. Jones*, No. 1:05-cr-617-WSD, 2007 WL 2071267, at *6 (N.D. Ga. July 19, 2007) (unpublished) (indicating that Rule 6 does not require the government to disclose a "no true bill" to a Court or any party). The Defendant has not articulated any legal basis on which the "no true bill" should be disclosed.

If the Court intends to unseal filings related to the existence of the "no true bill," the government respectfully requests the Court delay unsealing until after trial. The fact of the "no true bill" may attract significant media attention, which runs the risk of influencing prospective jurors in advance of trial. The Defendant has not articulated any legal basis for the need for immediate unsealing of the "no true bill."

*District Court Case Relating to Process Due Following § 1226(b) Arrest*

During argument, the government asserted that a district court within the Second Circuit had held that in the context of an 8 USC § 1226(b) arrest, process is due after arrest, but not before. In *O.F.C. v. Almodovar*, a Southern District of New York district court carefully analyzed, in the context of a habeas petition, what process is constitutionally or statutorily due before or after such an arrest. *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262 (S.D.N.Y. Jan. 9, 2026). In that case, the petitioner had been pending removal proceedings when an immigration judge granted a bond. *Id*. at *3. In 2025, he was re-detained by ICE. *Id*. The district court held that pursuant to § 1226(b) and accompanying regulations, the petitioner was not entitled to a pre-arrest hearing. *Id*. at *6-7 (noting "some" process is still required, in the form of "some level of individualized determination"). The district court also held that the Due Process Clause did not mandate a pre-arrest hearing. *Id*. at *8. The district court ultimately held that the petitioner was entitled to relief in the form of a post-arrest bond hearing before an immigration judge. *Id*. at *14-15.

Please let me know if the Court has questions about the above.

Ben

Ben Gillis
Assistant U.S. Attorney
Northern District of New York
100 S. Clinton Street, 9th Floor
Syracuse, NY 13261
Desk: (315) [redacted]
benjamin.gillis@usdoj.gov