UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CASE NO.: 25-CR-492 (AJB)
**FILED UNDER SEAL**

MARVIN AGUILAR GARCIA

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

DATED: February 12, 2026
Syracuse, New York

ERIC SCHILLINGER
Federal Public Defender

By: *<u>/s/Gabrielle DiBella</u>*
Gabrielle DiBella
Assistant Federal Public Defender
Bar Roll No. 700576
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

## PRELIMINARY STATEMENT

On December 18, 2025, Marvin Aguilar Garcia was indicted on one count of assaulting a federal officer and causing bodily injury in violation of 18 U.S.C. §111(a)(1) and (b). The indictment specifically alleged that Marvin threw a book at BPA Baize, causing bodily injury. When the Government realized they could not prove that a book was thrown at BPA Baize, they attempted to remedy this problem by seeking a broader superseding indictment. Specifically, the Government sought to obtain a superseding indictment with the exact same language as the underlying indictment, but with the word "object" replacing "book." On January 29, 2026, the Government presented this new, broader theory to the *exact same* Grand Jury that returned the original indictment. [redacted] the same Grand Jury who indicted Marvin on the book theory refused to indict Marvin on the broader object theory, and instead returned a no true bill.

As the defendant argued in his response to the Government's second motion *in limine,* since the Grand Jury refused to indict on a broader theory that an "object" was thrown at BPA Baize, the return of the no true bill invalidated the specific theory of the original indictment (that a book was thrown), and the original indictment should be dismissed. The defendant maintains this position.

## ARGUMENT

### I. A book is an object

The Government's attempt to supersede was an attempt to broaden the manner and means of the alleged assault by replacing the word "book" with the word "object." The dictionary defines "object" as "something material that may be perceived by the senses."[1] A book is a

[1] Cite to merriam webster

material item that can be seen and touched, and as such it as an object both as defined by the dictionary, and by common sense. It follows that if the Grand Jury did not believe that Marvin assaulted BPA Baize by throwing an object, they *also* did not believe that Marvin assaulted BPA Baize by throwing a book. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] It is clear from the return of the no true bill that other jurors also refused to believe the broader object theory, which necessarily encompasses the book theory.

**II. The Government's own theory of proof at trial supports dismissal of the indictment**

The Government has taken the position that it is not bound the book allegation in the indictment, and that it can go forward on the "object" theory that was specifically rejected by the Grand Jury. The Government's position is also very telling as to why the original indictment should be dismissed. In advancing this position, the Government asserts that a variance between the book alleged in the indictment and the proof at trial, would not alter or modify essential elements of the offense. In taking this position, the Government claims that the essential elements of the "object" theory are the same as the book theory previously alleged. If that's the case, then taking this argument to the logical end can only result in one conclusion- that by rejecting the "object" theory, the Grand Jury *also* rejected the book theory.

**CONCLUSION**

A book is an object. That fact is indisputable. By rejecting the "object" theory and returning a "no true bill" on the proposed superseding indictment, the Grand Jury also necessarily rejected the original "book" theory. [redacted] For all these reasons, it is clear that the "no true bill" on the "object" theory invalidated the more specific "book" theory of the original indictment and as such the original indictment must be dismissed. The Government's own position regarding a difference in proof at trial supports the dismissal. Because the Government argues no essential element was

altered by the proposed superseding indictment, then the rejection of the proposed superseding indictment necessarily encompassed the rejection of the original indictment. For all these reasons, the original indictment must be dismissed.

DATED: February 12, 2026

ERIC SCHILLINGER
FEDERAL PUBLIC DEFENDER

By: */s/ Gabrielle DiBella*
Gabrielle DiBella
Assistant Federal Public Defender
Bar Roll No. 700576
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

cc: Ben Gillis, AUSA (by ECF)
Michael Whalen, AUSA (by ECF)
Marvin Aguilar Garcia (by mail)