FOLEY HOAG LLP

Michael J. Grygiel
*1301 Avenue of the Americas*
*25th Floor*
*New York, New York 10019*

*(212) 812-0426 direct*
*(212) 812.0400 main*
*(212) 812.0399 fax*

September 14, 2026

***VIA ECF***

Hon. Anthony J. Brindisi
United States District Court
Northern District of New York
Alexander Pirnie Federal Bldg.
and U.S. Courthouse
10 Broad Street
Utica, New York 13501

*Re: USA v. Aguilar-Garcia, Dkt. No. 5:25-cr-00492*

Dear Judge Brindisi:

As co-counsel *pro bono publico* to Advance Publications, Inc., publisher of *The Post-Standard* and Syracuse.com, we write in opposition to the government's filing of its 35-page brief [Dkt. No. 94 (the "Brief)] entirely under seal, solely in reliance on protective orders that have previously been entered in this abandoned prosecution. *See* Dkt. No. 92. As set forth below, the government's clandestine submission only exacerbates the infirmities that have insulated this case from meaningful review by the press and public in violation of both First Amendment and common law public access requirements.

First, the government's unusual request that it be allowed to remove its Brief from the public docket in the event the Court rules it should not be sealed (*see* Dkt. No. 92) is a complete non-starter under the First Amendment. This is nothing more than a flagrant attempt to avoid compliance with constitutional transparency requirements, and cannot overcome the public's presumptive access rights. Courts have repeatedly made clear that the subsequent withdrawal of a court filing is insufficient to change its status as a judicial document. *Giurca v. Montefiore Health Sys.*, Case No. 18-CV-11505 (ER) (BCM), 2021 U.S. Dist. LEXIS 123828, at *5-6 (S.D.N.Y. July 1, 2021) ("Plaintiff's Rule 60(b)(3) motion papers were unquestionably 'judicial documents,' as that term is used in *Amodeo* and its progeny, when filed. Defendants point to no authority (and the Court is aware of none) for the proposition that judicial documents lose that status if the motion to which they pertain is withdrawn before any ruling is issued. In analogous circumstances, federal courts treat complaints as judicial documents subject to a presumptive right of public access even after they are voluntarily withdrawn, and refuse to seal them without compelling 'countervailing factors' meeting the standard set out in *Lugosch*, 435 F.3d at 120."); *J.L. v. N.Y.C. Dep't of Educ.*, Case No. 17-CV-7150 (PAC) (KHP), 2024 U.S. Dist. LEXIS 13609, at *5-6 (S.D.N.Y. Jan. 25, 2024). ("The documents in question are 'judicial documents' in which the presumption of public access attaches.. . . Even the document at ECF No. 246 — the now withdrawn memorandum of law in support of the motion for default judgment and summary judgment — constitutes a judicial document under the Second Circuit's expansive definition of the term."). Indeed, the above

authority mandates public access here, where — as distinct from when a party voluntarily withdraws a judicial document that has not been the subject of judicial review or action — the government is seeking to have its Brief returned only *after* it has been reviewed and ordered unsealed by the Court.

Second, the law is clear that the legal arguments the government is relying on to justify the pervasive secrecy it insists on continuing to impose over this case must, at a minimum, be made available to our client and the public it serves. *Matter of Krynicki*, 983 F.2d 74 (7th Cir. 1992), is instructive on this point. In language directly applicable here, Judge Easterbrook rejected the government's reliance on a confidentiality order as justification for sealing the entirety of its appeal brief:

> I see no reason why the argument in this case cannot be public. Even in the district court, proceedings are sealed only "to the extent and for such time as is necessary to prevent disclosure of matters occurring before the grand jury." Fed.R.Crim.P. 6(e)(6). If, as the United States represents, the district court has sealed the *entire* record of the contempt proceeding against Krynicki, it has exceeded the authority granted by Rule 6(e)(6). Just in case the prosecutor fears sanctions for inadvertent violation of an unjustified secrecy order, I grant the parties leave to discuss in their briefs all material other than "matters occurring before the grand jury" itself. Any part of the record that must remain secret under Rule 6(e)(2) may be discussed in sealed appendices to the briefs, but the briefs themselves, including all of the legal argument, belong in the public domain.

*Id*. at 77 (emphasis in original). So too here, where the blanket sealing resorted to by the government flouts the principle that "[p]ublic argument is the norm even, perhaps especially, *when the case is about the right to suppress publication of information*." *Id*. at 76 (emphasis supplied). If the government's "profligate designations of confidentiality ultimately prevent [it] from filing an effective [] brief, th[at] may be [its] comeuppance," but they cannot displace or override First Amendment public access requirements because "privacy needs justification." *Id*. at 78.

Third, the protective orders previously entered on February 2, 3, 9, and 10, 2026, do not obviate the need to justify any sealing — of the government's Brief or any other judicial documents in this proceeding — under established First Amendment and common law standards.[1] In finding that a text message exhibit should be unsealed with minimal redactions for personally identifying information, the Eastern District of New York noted that "the fact that 'a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.'" *United States v. Lopez*, No. 18-CR 609 (HG),

---

[1] For this reason, *The Post-Standard* and Syracuse.com also request the public docketing in unredacted format of the Office of the Federal Public Defender's letter brief filed on August 27, 2026 [Dkt. No. 90-1], which similarly cites previous protective orders [*see* Dkt. No. 90] as the sole basis for its sweeping redactions, leaving only the first paragraph of its eight pages available for public inspection. No such order "can authorize litigants to file clandestine briefs in this court[.]" *Krynicki*, 983 F.2d at 77.

2022 WL 4134423, at *2 (E.D.N.Y. Sept. 12, 2022); *see also United States v. Donato*, 714 F. App'x 75, 76 (2d Cir. 2018) (finding documents subject to a protective order and "used to determine a litigant's substantive legal rights are judicial documents" subject to the First Amendment and common law rights of access). To hold otherwise "would effectively short-circuit any analysis of whether a First Amendment or common-law right of access applies to any particular filing[,]" and "would prevent the Press from knowing why any particular filing is made under seal." *United States v. Carriles*, 654 F. Supp.2d 557, 571, 572 (W.D. Tex. 2009).

> If the Court were to allow any filing that involves protected materials to be automatically docketed under seal, the Press and the public would be denied access to those documents and denied access to any explanation as to why they are denied access to those documents. Such a procedure is unacceptable.

*Id*. at 572.

Fourth, *The Post-Standard* and Syracuse.com respectfully request an opportunity to review the government's Brief subject to appropriately limited redactions, if any, authorized by the Court in order to respond on an informed basis to the government's sealing arguments and, further, that the Court grant it an opportunity to respond to the unsealed Brief after it is publicly docketed. *In re Herald Co.*, 734 F.2d 93, 102 (2d Cir. 1984) ("Since by its nature the right of public access is shared broadly by those not parties to the litigation, vindication of that right requires some meaningful opportunity for protest by persons other than the initial litigants, some or all of whom may prefer closure."); *see also Carroll v. President & Commissioner of Princess Anne*, 393 U.S. 175, 184 (1968) ("Certainly, the failure to invite participation of the party seeking to exercise First Amendment rights . . . substantially imperils the protection which the Amendment seeks to assure.").

In the final analysis, "[j]udges deliberate in private but issue public decisions after public arguments based on public records." *Krynicki*, 983 F.2d at 75. The government's umbrella sealing contravenes this fundamental First Amendment principle and has prevented the press and public from understanding not only the reasons why the government abruptly dismissed this prosecution five days before trial, but also the reasons why the Court granted the dismissal.

Respectfully submitted,

FOLEY HOAG LLP

By: *s/ Michael J. Grygiel*
Michael J. Grygiel
1301 Avenue of the Americas
25th Floor
New York, New York 10019.
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com

CORNELL LAW SCHOOL FIRST AMENDMENT CLINIC

By: *s/ Heather E. Murray*
Heather E. Murray
Myron Taylor Hall
Ithaca, New York 14853-4901
Tel.: (607) 255-8518
hem58@cornell.edu

MJG/HEM/mtj

cc: ***VIA ECF***
Gabrielle DiBella, Assistant Federal Public Defender
Todd Blanche, United States Attorney General
John A. Sarcone III, First Assistant United States Attorney