**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

October 22, 2026

Hon. Anthony J. Brindisi
U.S. District Judge
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, NY 13501

Re: *United States v. Marvin Aguilar-Garcia*
Case No. 5:25-CR-492 (AJB)

Dear Judge Brindisi:

I write in compliance with the Court's Decision and Order at Dkt. 99 to submit proposed redacted versions of filings that reference the grand jury "no bill"; reference or contain grand jury material protected by Fed. R. Crim. P. 6(e); and reference or contain the Giglio Materials identified in the Court's Decision and Order. The government and Defendant have conferred and herein submit an agreed, joint proposal regarding proposed unsealing, redactions, and materials that should remain under seal.

With respect to filings that reference the grand jury "no bill" or reference or contain grand jury material, the government and Defendant propose the following:

- Docket 31: Defendant's Letter Requesting Leave to File Redacted Trial Brief: Based on the Court's rulings, the brief attached to the Defendant's letter, *see* Dkt. 31-1, should be unredacted in its entirety.

- Docket 48: Government's Second Motion in Limine: Based on the Court's rulings, the filing should be unsealed without redaction.

- Docket 53: Defendant's Response to Government's Second Motion in Limine: The Defendant's brief should receive redactions, consisting of direct references to, quotations from, and citations to grand jury transcripts. Exhibits A, B, and C, which are grand jury transcripts attached to the brief, should remain sealed.

- Docket 62: Defendant's Response to Government's First Motion in Limine: The Defendant's brief should receive redactions, consisting of direct references to, quotations from, and citations to grand jury transcripts. Exhibits D and E, which are grand jury transcripts attached to the brief, should remain sealed.

- Docket 64: Defendant's Brief Regarding Proposed Jury Instructions: The Defendant's brief should receive redactions, consisting of direct references to, quotations from, and citations to grand jury transcripts. Exhibit A, which is a grand jury transcript attached to the brief, should remain sealed.

- Docket 72: The Court's Show-Cause Order: Based on the Court's rulings, the filing should be unsealed without redaction.

- Docket 77: Defendant's Brief Regarding Defendant's Arrest and "No Bill": The Defendant's brief should receive redactions, consisting of direct references to grand jury transcripts. Exhibit A, which is an email from the government to the Court, should be unredacted, save for a single redaction of an AUSA's direct phone number.

- Docket 80: Defendant's Brief Relating to Court's Show-Cause Order: The Defendant's brief should be unsealed but should receive redactions, consisting of direct references to, quotations from, citations to, and inline inclusions of grand jury transcripts and testimony.

- Docket 83: Government's Letter Accompanying Dismissal Order: Based on the Court's rulings, the letter should be unsealed without redaction.

With respect to filings that reference or contain the Giglio Materials, the government and Defendant propose the following:

- Docket 70: Government's Third Motion in Limine: The brief should be unsealed but should receive redactions designed to protect "collateral identifying information concerning private third parties who are unrelated to this litigation." *See* Dkt. 99, at 20. Exhibit 1, which is a compilation of social media posts, should receive redactions designed to protect "personal identifying information." *See id*.

- Docket 71: Defendant's Response to Government's Third Motion in Limine: The brief should be unsealed but should receive redactions designed to protect "collateral identifying information concerning private third parties who are unrelated to this litigation." *See* Dkt. 99, at 20.

The parties' redactions are limited and "narrowly tailored" to comply with the Court's rulings. *See* Dkt. 99, at 20-21. The proposed redacted filings identified herein have been submitted to the Court via MFT. Please advise if the Court requires anything further from the parties related to this matter.

Respectfully submitted,

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: ______________________________
Benjamin A. Gillis
Assistant United States Attorney
Bar Roll No. 704915