FOLEY HOAG LLP

Michael J. Grygiel
1301 Avenue of the Americas
25th Floor
New York, New York 10019

(212) 812-0426 direct
(212) 812.0400 main
(212) 812.0399 fax

November 3, 2026

***VIA ECF***

Hon. Anthony J. Brindisi
United States District Court
Northern District of New York
Alexander Pirnie Federal Bldg.
and U.S. Courthouse
10 Broad Street
Utica, New York 13501

*Re: USA v. Aguilar-Garcia,* Dkt. No. 5:25-cr-00492

Dear Judge Brindisi:

As co-counsel *pro bono publico* to Advance Publications, Inc. ("Advance"), publisher of *The Post-Standard* and Syracuse.com, we write briefly as authorized by the Court's Text Order issued on October 27, 2026, regarding the sealed entries at Docket Numbers 90, 94, and 95. *See* Dkt. No. 101.

As best we can discern, Docket Entries 90, 94, and 95 (collectively the "Memoranda") entail respective briefing by the government and the Defendant in response to Advance's motion to intervene for the limited purpose of vindicating the press and public's presumptive First Amendment and common law rights of access to court records in this proceeding. Accordingly, we emphasize three points.

**The Memoranda Are Judicial Documents Subject To the**
**Presumptive First Amendment and Common Law Rights of Access**

First, the Memoranda are subject to the presumptive rights of public access because they were submitted to the Court for the determination of what court records should be released and the scope of any redactions in adjudicating Advance's intervention motion. They therefore qualify as judicial documents subject to presumptive disclosure under the constitutional and common law rights of access. *In re Omnicom Group, Inc. Sec, Litig.*, Case No. 02 Civ. 4483 (RCC) (MHD), 2006 U.S. Dist. LEXIS 76782, *5 (S.D.N.Y. Oct. 23, 2006) (holding "[i]n this case the target of defendants' sealing application is a series of letter briefs with accompanying exhibits, and these certainly qualify as judicial documents"); *Schiller v. City of New York*, 04 Civ. 7922 (KMK) (JCF), 04 Civ. 7921 (KMK) (JCF), 2006 U.S. Dist. LEXIS 70479, *5 (S.D.N.Y. Sept. 27, 2006) ("Documents created by or at the behest of counsel and presented to a court in order to sway a judicial decision are judicial documents that trigger the presumption of public access"); *Romano v. Santander Holdings USA, Inc.,* 15-CV-7387 (CM)(SN), 2018 U.S. Dist. LEXIS 94593, *18

(S.D.N.Y. June 4, 2018) ("By filing their motion to enforce the Agreement, Defendants asked the Court to act upon that document and use its judicial power to effectuate it. The parties have also filed briefs and presented various communications and draft agreements to the Court in order to sway its decisions on the motion. The Court has been asked to rely upon these documents in determining the parties' substantive legal rights in this matter, and thus, a strong presumption of public access attaches."). Thus, without on-the-record findings demonstrating that continued sealing is necessary to protect a compelling interest and is narrowly tailored to serve that interest, the withholding of the Memoranda contravenes governing First Amendment precedent. *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 607 (1982); *United States v. Alcantara*, 396 F.3d 189, 202 (2d Cir. 2005); *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994).

**To the Extent They Include Information In the Public Domain,**
**Continued Sealing of the Memoranda Cannot Be Justified**

Second, to the extent the Memoranda include or refer to information that has now been made public in docket entries that the Court has ordered unsealed, and/or information disclosed in the Court's Decision and Order dated October 8, 2026 (Dkt. No. 99), they can no longer be sealed. It is conclusively established that "[a]ny countervailing privacy interest of [the party seeking sealing] cannot defeat the strong presumption of public disclosure where the material . . . is already in the public domain." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F.Supp.2d 383, 397 (E.D.N.Y. Feb. 28, 2013); *see also Gucci Am., Inc. v. Guess?, Inc.*, No. 09-CV-4373 (SAS) (JLC), 2010 U.S. Dist. LEXIS 34834, *2 (S.D.N.Y. Apr. 8, 2010) (finding a party's motion to seal came "too late" where the motion papers sought to be sealed had already been publicly filed and were subject to articles published in the press). Thus, once information from court records is available in the public domain, any privacy concerns evaporate, as the court does not have "the means to put the genie back [in the bottle]." *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *United States v. Gonzalez*, 927 F.Supp. 768, 778 (D. Del. 1996) ("In sum, the allegations . . . are already in the public domain [and t]he argument that disclosure of the [ ] documents will cause the level of damage to the privacy or reputations of third parties required . . . before protection is warranted, is simply not convincing."). In short, there is no longer any privacy or other compelling interest left to protect.

**Disclosure of the Parties' Legal Arguments Is Required As a Matter of Law**

Third, there is no reason for allowing to remain secret the legal arguments presented by the parties to the Court in their respective Memoranda. In this regard, the continued sealing of the Memoranda violates Advance's and the public's rights of access under the First Amendment and common law. *League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) (noting that "every part of every brief filed to influence a judicial decision qualifies as a 'judicial record'" subject to public access); *Jingrong v. Chinese Anti-Cult World Alliance (CACWA)*, 2016 U.S. Dist. LEXIS 72034, *5 (E.D.N.Y. June 2, 2016) (granting public access to letter briefs because "for all practical purposes, the disputed letters contain almost exclusively the legal arguments of the parties"); *Schiller v. City of New York,* 04 Civ. 7922, 2006 U.S. Dist. LEXIS 70479, *16 (S.D.N.Y. Sept. 27, 2006) ("For similar reasons, the First Amendment right of access attaches also in this

case [because l]egal memoranda have historically been open to the press and general public and public access plays a significant positive role in monitoring arguments over the sealing of court records") (internal quotations omitted); *VR Optics, LLC v. Peloton Interactive, LLC,* Case No. 16-CV-6392 (JPO), 2019 U.S. Dist. LEXIS 82183, *26 (S.D.N.Y. May 15, 2019) (denying parties' motions for leave to file portions of the motion-to-compel briefing under seal where the presumption of access under both the common law and the First Amendment attached to the briefs and where the parties failed to show any countervailing factors in the common law framework or 'higher values' under the First Amendment framework); *United States v. Rabbitt*, Case No. 1:25-cr-00693, Dkt. No. 277 (N.D. Ill. Oct. 9, 2026) (ordering disclosure where "the Government has also asked to seal the 'Legal Principles' section of its motion, which sets forth basic principles of law").

Based on the foregoing reasons and those presented in Advance's previous briefing, maintaining Docket Entries 90, 94, and 95 under seal cannot be reconciled with the transparency of court records mandated by both the Constitution and common law. Advance recognizes that compliance with controlling First Amendment procedures and requirements adds to the responsibilities of a reviewing court,[1] and very much appreciates your Honor's continued attention to this matter.

Respectfully submitted,

FOLEY HOAG LLP

By: *s/ Michael J. Grygiel*
Michael J. Grygiel
1301 Avenue of the Americas
25th Floor
New York, New York 10019.
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com

CORNELL LAW SCHOOL FIRST AMENDMENT CLINIC

By: *s/ Heather E. Murray*
Heather E. Murray
Myron Taylor Hall
Ithaca, New York 14853-4901
Tel.: (607) 255-8518
hem58@cornell.edu

MJG/HEM/mtj

cc: ***VIA ECF***
Gabrielle DiBella, Assistant Federal Public Defender
Todd Blanche, United States Attorney General
John A. Sarcone III, First Assistant United States Attorney

[1] "We sympathize with the burdens placed on trial judges today. Nevertheless, where the rights of the litigants come into conflict with the rights of the media and public at large, the trial judge's responsibilities are heightened. In such instances, the litigants' purported interest in confidentiality must be scrutinized heavily." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co., Inc.*, 24 F.3d 893, 899 (7th Cir. 1994).